CONNECTICUT BANK AND TRUST COMPANY *v.* DEXTER
D. COFFIN, JR., ET AL.
(13645)

CONNECTICUT BANK AND TRUST COMPANY *v.* DEXTER
D. COFFIN IV ET AL.
(13674)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and GLASS, Js.

Argued December 12, 1989—decision released January 30, 1990

*Bruce G. MacDermid,* with whom, on the brief, were *Richard R. Steinmetez, Robert A. Horowitz, Mark Gregory, Austin J. McGuigan* and *Joseph B. Burns,* for the appellants (defendant Sean Van Schoonmaker Coffin and defendant Neil Elliott et al.).

*Elga R. Wasserman,* with whom, on the brief, were *Jacob D. Zeldes, Frank J. Silvestri, Jr.,* and *David P. Atkins,* for the appellees (defendant Martha E. Coffin et al.).

*John L. Bonee III,* for the appellee (defendant Kathryn Blaire Greenhalgh).

*Timothy S. Fisher,* with whom was *Christopher J. Hug* and, on the brief, *George C. Hastings* and *Linda M. Hamel,* for the appellee (plaintiff in each case).

*Stephen B. Goddard* filed a brief for the appellee (defendant Lance Justin Coffin).

PER CURIAM. Both of these appeals arise from a declaratory judgment action brought by the plaintiff bank as a trustee to determine which of the defendants are the "issue" of Dexter D. Coffin, Jr., and thus beneficiaries of an inter vivos trust created by his father, Dexter D. Coffin, and of testamentary trusts created by both his parents.

In *Connecticut Bank & Trust Co.* v. *Coffin,* 212 Conn. 678, 563 A.2d 1323 (1989), *(Coffin I),* this court found no error in the trial court's construction of the trust indenture executed by Dexter D. Coffin on April 30, 1957, to exclude as beneficiaries of the trust any children who had been adopted by his son, Dexter D. Coffin, Jr., and his grandson, Dexter D. Coffin III, but to include Kathryn Blaire Greenhalgh, the settlor's great-granddaughter, who had been adopted out of the Coffin family after dissolution of her mother's marriage to Dexter D. Coffin III. The present appeals concern, not the 1957 trust, but the wills of Dexter D. Coffin

and his wife, Elizabeth Dorr Coffin, dated October 2, 1964, and July 31, 1963, respectively, which were admitted to probate following their deaths.[1] Each of the wills created a trust for the benefit of Dexter D. Coffin, Jr., his wife, Joyce C. Coffin, and the "issue" of Dexter D. Coffin, Jr., and also contained a paragraph declaring that the term "issue" was not intended to include adopted persons and their issue. A similar paragraph is contained in the 1957 trust instrument that we construed in *Coffin I*.

The trial court decided to give the word "issue" as used in the testamentary trusts the same meaning it had attributed to that word in the 1957 trust, thereby excluding as beneficiaries the children adopted by Dexter D. Coffin, Jr.,[2] and Dexter D. Coffin III,[3] but including Kathryn Blaire Greenhalgh. The children adopted into the Coffin family by Dexter D. Coffin, Jr., and Dexter D. Coffin III have appealed from that judgment. They raise claims concerning the construction of the testamentary trusts that are similar to those we considered in *Coffin I* but found unpersuasive. In addition, however, they rely upon the enactment in 1959 of the predecessor to General Statutes § 45-64a (4), which reversed the common law presumption that adopted children are not included in the term "issue," but

---

[1] The trial court rendered its decision on the questions involving the inter vivos trust on January 30, 1987. After appeals from that judgment had been filed, but before publication of the opinion of this court in *Connecticut Bank & Trust Co.* v. *Coffin,* 212 Conn. 678, 563 A.2d 1323 (1989), disposing of those appeals on August 22, 1989, the trial court on December 22, 1988, rendered its judgment concerning the testamentary trusts, from which the present appeals have been taken.

[2] Dexter D. Coffin, Jr., adopted the children of his third wife, Mary K. Elliott. These children have been referred to as the Elliott children in this litigation.

[3] Dexter D. Coffin III adopted Sean Van Schoonmaker Coffin, a child of his second wife, Elaine Van Schoonmaker. Dexter D. Coffin III also adopted the children of his third wife, Joanne Fogerty. These children have been referred to as the Fogerty children.

restricted the scope of the statute to "any will or trust instrument executed after October 1, 1959," thus precluding its application to the 1957 trust indenture. Public Acts 1959, No. 106.[4] We find our decision in *Coffin I* to be largely dispositive of the claims relating to the construction of the language of the testamentary trusts. We also conclude that the enactment of the statutory provision including adopted children in the term "issue" does not require that we impute a different intention to the testators in using that word than the intention indicated by its use in the 1957 trust instrument. Accordingly, we find no error in the judgment.

The wills of both Dexter D. Coffin and his wife contained a provision declaring that the word "issue" should not include "adopted persons" and specifically

---

[4] Number 106 of the 1959 Public Acts, provided as follows: "The words 'child', 'children', 'issue', 'descendant', 'descendants', 'heir', 'heirs', 'lawful heirs', 'grandchild' and 'grandchildren', when used in the singular or plural in any will or trust instrument, shall, unless such document clearly indicates a contrary intention, include legally adopted persons. Nothing herein shall be construed to alter or modify the provisions of section 45-162. The provisions of this act shall apply to wills and trust instruments executed subsequent to the effective date hereof [October 1, 1959]." At the time the last wills of Dexter D. Coffin and Elizabeth Dorr Coffin were executed on October 2, 1964, and July 31, 1963, respectively, this enactment had been designated as General Statutes § 45-65a and had been revised by substituting "October 1, 1959" for "the effective date hereof." General Statutes 1965 Cumulative Supplements (1959–65). As revised, this provision has currently been incorporated into General Statutes § 45-64a (4), as follows: "The adopted person shall, except as hereinafter provided, be treated as if he were the genetic child of the adopting parent for purposes of the applicability of all documents and instruments, whether executed before or after the adoption decree is issued, which do not expressly exclude an adopted person in their operation or effect. The words 'child,' 'children,' 'issue,' 'descendant,' 'descendants,' 'heir,' 'heirs,' 'lawful heirs,' 'grandchild' and 'grandchildren,' when used in any will or trust instrument shall include legally adopted persons unless such document clearly indicates a contrary intention. Nothing in this section shall be construed to alter or modify the provisions of section 45-162 regarding children born through A.I.D."

excluding Robert L. Olmstead, their grandson, who had been adopted out of the Coffin family after the divorce of his parents, Dexter D. Coffin, Jr., and Betsy Bisell Coffin, and her remarriage to Theodore Olmstead.[5] Although there are some variations in phraseology, there is no significant difference in this provision as contained in each will from the corresponding provision of the inter vivos trust[6] that we construed in *Coffin I* to exclude children adopted into the Coffin family as beneficiaries of the trust. The parties do not claim otherwise. In *Coffin I,* however, we did rely upon the common law presumption that the word "issue" connotes a lineal relationship by blood; *Schapira* v. *Connecticut Bank & Trust Co.,* 204 Conn. 450, 455, 528 A.2d 367 (1987); which has been reversed by the 1959 enactment. This statutory provision, declaring that " 'issue' . . . when used in any will or trust instrument executed after October 1, 1959, shall, unless the document clearly indicates a contrary intention, include legally adopted persons," would require a different result than that reached in *Coffin I,* unless the wills plainly disclose a "contrary intention."

---

[5] In the will of Dexter D. Coffin, executed on October 2, 1964, this provision was as follows: "The term 'issue' as used in this will is not intended to include adopted persons and their issue. Wherever in this will reference is made to the issue of sons of mine or to my issue, the term 'issue' shall be deemed not to include my grandson Robert L. Olmstead (formerly Robert Linwood Coffin) or any issue of said grandson, and no part of the net income or principal of my estate or of any trust hereby created shall be paid to my said grandson or to any issue of his."

The corresponding provision of the will of Elizabeth Dorr Coffin, executed on July 31, 1963, was identical.

[6] The comparable provision of the 1957 trust indenture was as follows: "SECOND: Wherever in this trust indenture reference is made to the 'issue' of the grantor's son Dexter D. Coffin, Jr., the term 'issue' shall be deemed not to include the grantor's said grandson Robert L. Olmstead or any issue of said grandson, and no part of the net income or principal of the trust fund shall be paid to the grantor's said grandson Robert L. Olmstead or to any issue of said grandson. The term 'issue' as used in this trust indenture is not intended to include adopted persons and their issue."

The declaration in the wills that the term "issue" was not intended to include "adopted persons," however, "clearly indicates a contrary intention" to that otherwise required by the statute to be ascribed to the use of that term. It is plain that the testators intended to exclude "adopted persons" as beneficiaries of the trusts, although, as we observed in *Coffin I,* supra, 693, that exclusion "is ambiguous in that it conceivably may refer to those adopted into the Coffin family, to those adopted out of the family, or to both." We also noted that "[t]he purpose of the exclusion would, of course, be wholly defeated if the phrase were construed to apply to neither of these classes of adopted persons, because it would then be of no effect." Id. We concluded in *Coffin I* that the reference to "adopted persons" pertained only to those who had been adopted into the Coffin family, except for Robert L. Olmstead, who had been adopted out of the Coffin family but had been excluded as a beneficiary by name. Accordingly, relying upon the trial court's finding that the settlor had never intended to "cut off" his blood descendants, other than Olmstead, we held that Kathryn Blaire Greenhalgh, by blood a great-granddaughter of the settlor who had been adopted out of his family, was entitled to share with other "issue" of the settlor as a beneficiary.

We have concluded that the 1959 enactment does not control the construction of the term "issue" in the testamentary trusts because of the clearly expressed intention of the testators to exclude "adopted persons" as beneficiaries. In *Coffin I* we resolved the ambiguity inherent in the term "adopted persons" by affirming the trial court's finding, based upon the testimony presented, that Dexter D. Coffin, as settlor of the 1957 trust, intended to refer only to persons adopted into the Coffin family and not to blood descendants who might be adopted out of the family, except for the spe-

cific exclusion of Olmstead. At the time the inter vivos trust was executed, April 30, 1957, both Dexter Coffin and his wife also executed wills that contained clauses excluding "adopted persons" as "issue" in language substantially similar to the corresponding provision of the trust. The same clauses, with insignificant deviations in phraseology, were included in several wills that each testator executed after that date. There is no reason to suppose that Dexter D. Coffin and his wife had any different intention, at the time they executed their last wills, from that entertained when the trust containing the same exclusion of "adopted persons" was executed. We agree with the trial court that the scope of that exclusion in the testamentary trusts is the same as in the 1957 inter vivos trust.

There is no error.